UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN NAVEDO,<br><br>   Plaintiff,<br><br> v.<br><br>J. DOERER,<br><br>   Defendant. | 1:24-cv-01179-EPG (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT'S ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Christian Navedo is a federal prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case was severed from *Benanti v. Doerer*, Case No. 1:24-cv-01108-CDB (PC), on October 3, 2024. (ECF No. 2). In that case, another plaintiff, Michael Benanti, filed a complaint purportedly as a class action on behalf of himself and several other individuals, including the named Plaintiff in this case, Navedo. (*See generally* ECF No. 1). However, only Benanti signed that original complaint. (ECF No. 1 at 4). Navedo did not sign the complaint or otherwise indicate he intended to join that lawsuit.

Because a non-attorney plaintiff like Benanti proceeding *pro se* may not represent others, Magistrate Judge Christopher D. Baker in *Benanti* denied the request to proceed in a

1

class action, severed each of the individual plaintiff's claims, opened individual cases for each plaintiff listed on the caption, and directed each plaintiff to submit a signed complaint within 45 days from service of the order. (ECF No. 2 at 8–9). The October 3, 2024 order warned that "[f]ailure to comply with this order may result in the dismissal of the plaintiff's case." (*Id.* at 9).

The current case with Plaintiff Navedo, *Navedo v. Doerer*, 1:24-cv-01179-EPG, is one such severed case. However, Plaintiff Navedo has not responded to the Court order or otherwise indicated that he intends to prosecute this case.

Given Navedo's failure to respond, and in light of the fact that Navedo did not sign the original complaint but was merely listed in the caption, dismissal for failure to prosecute and failure to comply with a court order is appropriate, as described further below.

I.  **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

II. **ANALYSIS**

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff application to proceed *in forma pauperis* or payment of the filing fee, as well as a signed complaint, are overdue and he has

failed to comply with the Court's order or otherwise communicate with the Court. Allowing this case to proceed further without any indication that Plaintiff intends to prosecute his case is a waste of judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiffs have no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to comply with a court order that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's incarceration. And, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

### III. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, **IT IS ORDERED** that:

    1. The Clerk of Court shall assign a district judge to this case.

And it is **RECOMMENDED** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to follow Court's orders; and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 8, 2025**       /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE